UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DERRICK E. LANPHEARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 6:19-cv-00175-GFVT |
| V. | ) | |
| | ) | |
| DARNELL ANTHONY, *et al*., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |
| | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court upon Defendant Travelers Property Casualty Company of America's (Travelers) Motion for Summary Judgment. [R. 34.] Plaintiff Derrick Lanpheare initially filed this case against Darnell Anthony and Status Transportation Corporation. His claims arise out of a motor vehicle accident that occurred when Anthony's vehicle collided with Lanpheare's. In Plaintiff's First Amended Complaint, he added Travelers as a defendant, claiming he is entitled to underinsured motorist (UIM) coverage under his policy with Travelers. Travelers argues that the claim asserted against it must be dismissed because it was filed outside the two-year contractual limitation period provided in the Underinsured Motorist policy. For the following reasons, Defendant's Motion for Summary Judgment is DENIED.

**I**

Defendant Darnell Anthony was the driver of a tractor-trailer owned or leased by his employer Status Transportation Corporation. [R. 24 at ¶ 6.] On January 12, 2018, while driving the tractor-trailer, Anthony collided with Lanpheare while he was driving a van owned and insured by his employer, Green Mechanical Construction, Inc. [R. 34 at 1.] Lanpheare filed a

complaint against Anthony, Status Transportation Corporation, and Dad II Trucking, LLC on June 26, 2019 in Rockcastle Circuit Court. [R. 1.] Subsequently, Defendants removed the state court action to this Court based upon diversity jurisdiction. *Id*.

On March 13, 2020, Anthony filed his First Amended Complaint that added Travelers as a defendant. [R. 24.] Anthony states that he was insured under Travelers' automobile liability insurance policy through his employer Green Mechanical Construction, Inc., which included UIM coverage. *Id*. at ¶ 15. Lanpheare claims that he is entitled to UIM damages from Travelers for his injuries sustained from the motor vehicle accident. *Id*. at ¶ 18. The UIM policy issued to Green Mechanical Construction, Inc. included a provision stating, "Any legal action against us under this Coverage Form must be brought within two years after the date of the 'accident.'" [R. 34-1 at 3.] Travelers admits in its Answer to the First Amended Complaint as to the existence and validity of the identified policy, and that it provides UM/UIM coverage. [R. 29 at ¶¶ 4, 5.] This policy was issued to Lanpheare's employer, for his benefit. [R. 36 at 2.] The policy paid Personal Injury Protection (PIP) payments to Lanpheare and the last PIP[1] payment Travelers issued to Lanpheare was made on April 11, 2018. *Id*.

Now, Travelers has filed a Motion for Summary Judgment in which they argue "Plaintiff's claim against Travelers for UIM coverage is barred because Plaintiff did not bring his claim within two years of the accident as required by the policy." [R. 34 at 2.] In response, Lanpheare argues that his claim against Travelers is timely because Kentucky's Motor Vehicle Reparations Act, KRS 304.39-230, requires that such an action be brought within two years of the latter of the date of the accident or the date of the last PIP payment. [R. 36 at 2.] Lanpheare

---

[1] Plaintiff often refers to "Personal Injury Protection" instead of basic reparation benefits. The terms are interchangeable. *See Samons v. Kentucky Farm Bureau Mut. Ins.*, 399 S.W.3d 425, 428 (Ky. 2013).

2

filed his First Amended Complaint before Travelers paid his last PIP payment, thus, his UIM coverage claim is within that time period. *Id*. at 2–3.

## II

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the Pres. of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251–52). In doing so, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Summary judgment is inappropriate where there is a genuine

3

conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).

### A

Plaintiff named Travelers as a defendant when he filed the First Amended Complaint in January 2017, over two years after the date of the accident. [R. 24.] By doing so, Plaintiff failed to file in compliance with Travelers UIM policy. [R. 34 at 2.] The policy states, "Any legal action against us under this Coverage Form must be brought within two years after the date of the 'accident'." *Id.* Accordingly, if Travelers' limitations provision is enforceable, Plaintiff's claim is time-barred and must be dismissed. However, the Court concludes that the limitations provision is not enforceable because it does not comply with Kentucky law.

Federal courts sitting in diversity jurisdiction must "apply state law in accordance with the controlling decisions of the state supreme court." *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys. Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). Therefore, Kentucky's laws in regard to contract interpretation and statute of limitations apply in this matter. *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000) (superseded by statute on other grounds) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *Blaha v. A.H. Robins and Co.*, 708 F.2d 238, 239 (6th Cir. 1983) (citation omitted). If a federal court is presented with a specific case that the state's highest court has not addressed then the federal court "must predict how that court would rule, by looking to all available data." *Whitlock v. FSL Management, LLC*, 843 F.3d 1084, 1089 (6th Cir. 2016) (internal quotation marks and citations omitted).

Kentucky's statute of limitations for a written contract is fifteen years. KRS 413.090(2); *Gordon v. Kentucky Farm Bureau Ins. Co.*, 914 S.W.2d 331 (Ky. 1995). Insurance

companies are not prohibited from contracting with their insured for a shorter period of time to file a claim. *Pratt v. Giese*, 2017 WL 2345648, at *1 (E.D. Ky. May 30, 2017) (citing *State Farm Mut. Auto. Ins. Co. v. Riggs*, 484 S.W.3d 724, 727 (Ky. 2016). Nevertheless, a contractual limitations period will not be enforceable unless it is reasonable. *Id*. If the contractual limitations period is unenforceable, Kentucky's statute of limitations will apply. *Id*. (citing *Gordon*, 941 S.W.2d at 332–33).

The issue is whether Travelers' limitation provision, which requires the insured to file a claim within two year of the date of the accident was reasonable. Kentucky Motor Vehicle Reparations Act (MVRA) requires a plaintiff's claim against the alleged tortfeasor "be commenced not later than two (2) years after the injury or death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." KRS 304-39.230(6). Plaintiff argues that Defendant's limitation provision is more restrictive than the MVRA's since it does not allow the two-year limitations period to be extended by the payment of basic reparation benefits ("BRB"). [R. 36 at 10.] Defendant argues that two years is reasonable because the MRVA has a two-year statute of limitations. [R. 34 at 2.] However, Defendant fails to address the extension MVRA creates based on the issuance of the last BRB payment. [R. 36 at 9.].

The Supreme Court of Kentucky has not addressed whether a two-year limitation provision that does not consider BRB payments is reasonable. *Pratt* , 2017 WL 2345648 at *1. However, a court in this district has already addressed this specific question that involved a case with a similar fact pattern. *Id*. The district court concluded that based upon language from Kentucky precedent, a limitation such as the one presented in this matter is unreasonable and unenforceable. *Id*. at *4. The Court specifically stated, " A limitations provision that requires

5

the plaintiff to file its claim against the insurer within two years when the plaintiff is potentially not required to sue the tortfeasor until a later date on which the plaintiff received a BRB payment would violate this principle." *Id*. The court based their decision upon *State Farm Mut. Auto. Ins. Co. v. Riggs*, wherein the Supreme Court of Kentucky concluded that a limitations provision that reflected the MVRA's limitations provision, including the extension for BRB payments, was reasonable. *Id*. at *3 (citing *Riggs*, 484 S.W.3d at 727). The *Riggs* court stated that "[t]wo years (or more if BRBs are paid) is enough time for the insured to discover the extent of automobile liability insurance coverage the tortfeasor has and whether that coverage will be sufficient for the suffered injuries." *Riggs,* 484 S.W.3d at 728. The court upheld the trial's court's decision that limitation provision was enforceable, and the insured's claim was time barred. *Id*. at 731.

Even though the Supreme Court of Kentucky did not hold that a contractual limitations period that is shorter than the MVRAs' limitation period is unreasonable, they provided language indicating that they would reach this conclusion if presented with this specific question at issue here. *Pratt*, 2017 WL 2345648, at *3. The *Riggs* court referenced previous Kentucky cases that established "it is illogical to require a plaintiff to sue his own insurer before discovering whether or not the tort-feasor is in fact, [an] uninsured or underinsured motorist...." 484 S.W.3d at 727 (citing *Gordon*, 941 S.W.2d at 332). The court stated that the insurer's limitations provision was not unreasonable because "providing the insured with the same time as a tort claim (perhaps longer depending on the duration of BRB payments) does not require . . . a plaintiff to sue his own insurer before discovering whether or not the tort-feasor is in fact an underinsured motorist." *Id.* at 727–28 (internal quotation marks and citations omitted). Thus, the court indicates that a contractual limitations provision must provide a plaintiff at minimum the same

amount of time to bring a UIM claim against a tortfeasor as the MVRA. *Pratt*, 2017 WL 2345648, at *3. Therefore, a limitations provision that fails to take into account BRB payments would be unreasonable under Kentucky law. *Id*.

In addition, *Brown v. State Auto* held that a two-year contractual limitation for UIM claims that did not extend additional time for claims with BRB payments was unreasonable. 189 F. Supp. 2d 665 (W.D. Ky. 2001). The court discussed the *Gordon* decision and stated the Supreme Court of Kentucky would, "find it unreasonable to require an insured to sue her insurer for underinsured motorist benefits prior to being required to sue the tortfeasor, and thus to determine whether or not the tortfeasor is in fact underinsured." *Id*. at 671. Ultimately, "the court concluded that the two-year limitations provision, which was shorter than the period provided for the tortfeasor in that it did not include an extension for BRB payments, was unreasonable and could not be enforced to dismiss the plaintiff's claim for UIM benefits." *Pratt*, 2017 WL 2345648, at *3 (citing *Brown*, 189 F. Supp. 2d at 671). Therefore, based upon Kentucky precedent and the persuasive analysis of a prior decision in this district, the Court predicts that the Supreme Court of Kentucky would conclude that a two-year limitations provision such as the one at issue in this case is unreasonable and unenforceable.

## III

Lanpheare added Travelers as a Defendant within two years from the issued date of his last PIP payment. The contractual limitation period should provide the insured the same rights as they would have against an insured third party. Travelers limitations provision fails to provide those protections and is not enforceable or reasonable under Kentucky law. Therefore, Lanpheare's First Amended Complaint was timely. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Travelers' Motion for Summary

Judgment [**R. 34**] is **DENIED**.

This the 26th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge